UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEIN HEATH COLE,<br><br>         Petitioner,<br><br>     v.<br><br>J. LIZARRAGA, Warden,<br><br>         Respondent. | Case No. 1:14-cv-01205-LJO-BAM-HC<br><br>ORDER GRANTING IN PART PETITIONER'S MOTION FOR A STAY OF THE PROCEEDINGS (DOC. 14)<br><br>ORDER STAYING THE ACTION PURSUANT TO <u>KELLY V. SMALL</u> PENDING FURTHER ORDER OF THE COURT<br><br>ORDER DIRECTING PETITIONER TO FILE PERIODIC STATUS REPORTS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.

Pending before the Court is Petitioner's motion for a stay of the proceedings to permit exhaustion of state court remedies as to additional claims, which was filed on October 1, 2014. Respondent filed opposition on October 29, 2014. Petitioner filed a reply on December 1, 2014.

In the initial petition filed on July 21, 2014, Petitioner challenges criminal convictions, alleging claims of due process

1

violations based on admission of evidence of prior bad acts, insufficient evidence of great bodily injury and of attempt to dissuade a witness, and multiple punishment.  He also contends that his rights under the Fourteenth Amendment and the Apprendi case were violated by punishment on multiple counts based on a single course of conduct.  In the motion for a stay, Petitioner states that he intends to exhaust state court remedies as to claims generally described as double jeopardy, ineffective assistance of appellate counsel related to a lost transcript, and due process violations based on prosecutorial misconduct, failure to disclose material exculpatory evidence, and a biased tribunal.  (Doc. 14 at 2-3.)

I.   Motion for a Stay

Petitioner seeks a stay pursuant to both Rhines v. Weber, 544 U.S. 269, 276 (2005) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

A.   Legal Standards

A district court has discretion to stay a petition which it may validly consider on the merits.  Rhines v. Weber, 544 U.S. at 276; King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir. 2009), cert. den., 558 U.S. 887.  A petition may be stayed either under Rhines, or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  King v. Ryan, 564 F.3d at 1138-41.

Under Rhines, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Rhines, 544 U.S. at 276-77.  In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the

petitioner's failure to exhaust his claims first in state court." Id. at 277-78.  A stay of a mixed petition pursuant to Rhines is required only if 1) the petitioner has good cause for his failure to exhaust his claims in state court; 2) the unexhausted claims are potentially meritorious; and 3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. Id.

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims.  See, King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  However, the amendment is only allowed if the additional claims are timely.  Id. at 1140-41.

A stay under Rhines permits a district court to stay a mixed petition and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court.  In contrast, a stay pursuant to the three-step Kelly procedure allows a district court to stay a fully exhausted petition, and it requires that any unexhausted claims be dismissed.  Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005).  In this circuit it is recognized that the Kelly procedure remains available after the decision in Rhines and is available without a showing of good cause.  King v. Ryan, 564 F.3d at 1140.

B. Analysis

The Supreme Court has not articulated what constitutes good

cause under Rhines, but it has stated that a petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute good cause for him to file a protective petition in federal court. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). The Ninth Circuit has held that the standard is a less stringent one than that for good cause to establish equitable tolling, which requires that extraordinary circumstances beyond a petitioner's control be the proximate cause of any delay. Jackson v. Roe, 425 F.3d 654, 661 62 (9th Cir. 2005). The Ninth Circuit has recognized, however, that "a stay and abeyance should be available only in limited circumstances." Id. at 661 (internal quotation marks omitted); see, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, - U.S.- , 129 S.Ct. 2771 (2009) (concluding that a petitioner's impression that counsel had exhausted a claim did not demonstrate good cause).

Recently the Ninth Circuit Court of Appeals found that the district court had abused its discretion in deciding that the Rhines good cause standard was not satisfied where a § 2254 petitioner provided argument and supporting evidence that his appellate counsel was ineffective in failing to investigate and raise the ineffective assistance of counsel (IAC) at trial for trial counsel's failure to present significant mitigating evidence at the penalty phase of a capital case. Blake v. Baker, 745 F.3d 977 (9th Cir. 2014), cert. den. Baker v. Blake, 135 S.Ct. 128 (Oct 06, 2014). The Court in Blake stated the following regarding the good cause standard:

> The good cause element is the equitable component of the Rhines test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court. As such, good cause turns on whether the petitioner can set

4

>forth a reasonable excuse, supported by sufficient evidence, to justify that failure. See <u>Pace</u>, 544 U.S. at 416, 125 S.Ct. 1807 ("A petitioner's reasonable confusion... will ordinarily constitute 'good cause' [under <u>Rhines</u> ]...." (emphasis added)). (Footnote omitted.) An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust. In <u>Wooten</u>, for example, the petitioner's excuse that he was "under the impression" that his claim was exhausted was not a reasonable excuse because no evidence indicated that the petitioner's ignorance was justified. To the contrary, the petitioner's attorney sent him a copy of his state petition, which did not mention the unexhausted claim, and the petitioner did not argue that his attorney provided ineffective assistance for failing to include the claim. 540 F.3d at 1024 n. 2; see also <u>King v. Ryan</u>, 564 F.3d 1133, 1138 (9th Cir.2009) (holding that the district court did not abuse its discretion in finding that the petitioner did not establish good cause when his factual allegations were "insufficiently detailed").
>....
>
>While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will.

<u>Id.</u> at 982.

Here, Petitioner has not shown good cause for a stay. Petitioner makes general allegations that he discovered new evidence or that transcripts were lost, but Petitioner does not provide specific details regarding the substance, timing, or significance of his belated discoveries. Petitioner has not provided sufficiently detailed evidence of a reasonable excuse.

Although Respondent argues that some of Petitioner's contentions in the initial petition were unexhausted in some respects, Respondent answers Petitioner's initial contentions on the merits in the answer (doc. 13), and no motion to dismiss is pending before the Court. At this point, the Court will consider the

5

petition to be substantially exhausted and will grant a stay pursuant to Kelly v. Small.

Petitioner will be instructed to file status reports of his progress through the state courts.  Once the California Supreme Court renders its opinion, provided the opinion is a denial of relief, Petitioner must file an amended petition including all of his exhausted claims.  He is forewarned that claims may be precluded as untimely if they do not comport with the statute of limitations set forth in 28 U.S.C. § 2244(d).

II. Disposition

In accordance with the foregoing, it is ORDERED that:

1) Petitioner's motion for a stay of the proceedings IS GRANTED IN PART, and Petitioner is GRANTED a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003); and

2) The proceedings are STAYED pending exhaustion of state remedies or further order of the Court; and

3) Petitioner is DIRECTED to file an initial status report of his progress in the state courts no later than sixty (60) days after the date of service of this order, and then to file periodic status reports every ninety (90) days thereafter until exhaustion is complete; and

///
///
///
///
///
///
///

4) No later than thirty (30) days after service of the final order of the California Supreme Court, Petitioner MUST FILE an amended petition in this Court including all exhausted claims.

Petitioner is forewarned that failure to comply with this order will result in the Court's vacating the stay.

IT IS SO ORDERED.

Dated:   **February 12, 2015**          /s/ *Barbara A. McAuliffe*   _
                                        UNITED STATES MAGISTRATE JUDGE